UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER HAKEAM JABBAR
WISE,

Plaintiff,

v.

DETECTIVE MICHAEL
SMOTHERMON,

Defendant.

CAUSE NO. 3:26-CV-695-CCB-SJF

## **OPINION AND ORDER**

Christopher Hakeam Jabbar Wise, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wise was convicted of unlawful sexual contact in the State of Delaware on May 5, 2003. As part of his plea agreement, he was required to register as a sex offender for twenty-five years. When Wise returned to Indiana in 2015-2016, he was also required to register as a sex offender in Allen County "due to the fact that I was still under the legal oath to do so there (Delaware)." ECF 1 at 2. Apparently that didn't happen, because in

state court criminal cases brought in 2020, 2022, and 2023, Wise was convicted three separate times for failure to register as a sex offender in Indiana. Wise states:

> As a result of all three of my prior failure to register as a [sex] offender convictions I was then required to register in the State of Indiana until the year of 2063, May 19th. With me being convicted for a fourth time, the date in which I will have to register will be extended to a further date then (sic) what it already is. . . . The issue is that I only had to register for a total of 25 years. My registry period expires in the year 2028 which is less then (sic) 24 to 30 months or two and a half years away depending on the month in the year 2028 I am exonerated and removed from the Delaware sex offender registry.

*Id*. at 2–3. He claims that the State of Delaware has been trying to remove him from the sex offender for years. He states, "So in reality I legally should not be on the registry at all . . .. This should not apply to me being that I am not Indiana born, and most importantly my case happened when I was 14 years of age, and happened in the State of Delaware in which I was born." *Id*. at 3. Wise believes that because "failure to register is a non-violent, non-sexual, no victim, and has nothing to do with any drugs or guns," the law he broke "isn't a crime" and "does not fit the punishment of me being sent to the Indiana Department of Correction[]." *Id*. at 4. He also takes issue with the fact that Detective Smothermon has his name listed in the system as "Christopher Hakeam Wise" when his full name is really "Christopher Wise, Christopher Hakeam Jabbar Wise, 'Prince' and 'Amir.'" *Id*. Wise has sued Detective Smothermon for 3.5 million dollars and has asked for his resignation or discharge.

As an initial matter, the court notes that Wise answered "No" when asked whether he had "ever sued anyone for this exact same event." ECF 1 at 5. He further declared "**<u>under penalty of perjury</u>** that the statements in this complaint are true." *Id*.

2

(bold and underlining in original). Wise's assertion that he has never sued anyone about these events is demonstrably false. In *Wise v. McAlexander*, cause no. 3:26-cv-346-DRL-SJF (N.D. Ind. filed Mar. 16, 2026), Wise raised allegations about these very same state court cases and the fact that he was charged/convicted three times under an allegedly incomplete name for failing to register as a sex offender in Indiana. That federal civil case was dismissed pursuant to 28 U.S.C. § 1915A on March 19, 2026. *See id*. at ECF 4. Failing to acknowledge that recently dismissed duplicate lawsuit about the same subject matter he complains of here can be considered a malicious abuse of the judicial process and, alone, is grounds for dismissal. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of Section 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process).

Moreover, the complaint must be dismissed for additional reasons as well. As explained by Judge Leichty in Wise's prior case:

> A person alleging a violation of a federal right may bring a civil action under 42 U.S.C. § 1983 to remedy that violation. But § 1983 has limits on the types of violations it covers and on the people or entities who may be sued. Failing to use a person's full name on a charging instrument, judgment, or other document of conviction isn't a federal constitutional violation. To the extent Mr. Wise is insinuating he has been wrongfully convicted or is currently being wrongfully held, his remedy lies in habeas corpus rather than civil rights litigation. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement); 28 U.S.C. §§ 2241 (pretrial) & 2254 (post-conviction); *see also Day v. Watson*, 798 Fed. Appx. 27, 29 (7th Cir. 2020) (citing *Heck v. Humphrey*, 512 U.S. 477, 484–87 (1994) and noting that "a collateral attack is the exclusive means of contesting ongoing custody pursuant to a conviction that has not been invalidated"). Accordingly, Mr. Wise has failed to state a viable claim under § 1983.

*Wise v. McAlexander*, cause no. 3:26-cv-346-DRL-SJF (N.D. Ind. filed Mar. 16, 2026), ECF 4 at 2.

In this case, Wise again appears to take issue with his previous convictions. However, he may not proceed on allegations challenging the fairness or correctness of his criminal convictions or the requirements associated with them unless and until the criminal convictions are "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025), *reh'g denied*, No. 22-3032, 2025 WL 2078828 (7th Cir. July 23, 2025). While Wise claims the Delaware court has been "trying" to remove him from the sex offender registry list, he admits the conviction remains in place and the registry requirements are not scheduled to expire until 2028. And, while he believes the Indiana convictions should not apply to him, he does not allege those convictions have been overturned or otherwise vacated. Indeed, the public record shows the convictions remain intact. *See State of Indiana v. Christopher H. Wise*, cause no. 02D04-2008-F6-001055 (All. Sup. Ct. 4 filed Aug. 27, 2020); *State of Indiana v. Christopher H. Wise*, cause no. 02D05-2109-F5-000351 (All. Sup. Ct. 5 filed Sept. 10, 2021); *State of Indiana v. Christopher H. Wise*, cause no. 02D06-2211-F5-000443 (All. Sup. Ct. 5 filed Nov. 21, 2022); *State of Indiana v. Christopher H. Wise*, cause no. 02D06-2510-F5-000413 (All. Sup. Ct. 6 filed Oct.

23, 2025).[1] Consequently, the court finds that the complaint fails to state any claims upon which relief may be granted because those claims are barred by *Heck*.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

Accordingly, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it is frivolous and malicious to bring duplicate claims and because the complaint fails to state any claims that are not *Heck* barred.

SO ORDERED on May 27, 2026.

 /s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[1] All state court cases referenced are available online at https://public.courts.in.gov/mycase (last visited May 27, 2026).